```
              IN THE UNITED STATES DISTRICT COURT FOR THE
                      EASTERN DISTRICT OF OKLAHOMA

LINDA HUGHES-O'LEARY, BILL JOHN      )
BAKER, S. JOE CRITTENDEN, DAVID      )
THORNTON SR., CHARLES HOSKIN,        )
MELVINA SHOTPOUCH, JOHN F. KEENER,   )
ON BEHALF OF THE CHEROKEE NATION,    )
                                     )
          Plaintiffs,                )
                                     )
v.                                   )      No. CIV-06-251-FHS
                                     )
CHAD SMITH, an individual;           )
BENJAMIN L. DIXON, an individual;    )
JAMES MAJEWSKI, an individual,       )
                                     )
          Defendants.                )
```

**OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

On behalf of the Cherokee Nation, seven members of its Tribal Council have instituted this federal securities fraud action against Defendants Chad Smith ("Smith"), the Chief of the Cherokee Nation, James Majewski ("Majewski"), the Chief Executive Officer of Cherokee Nation Industries ("CNI"), and Benjamin L. Dixon ("Dixon"), the executive in charge of economic development for CNI. Plaintiffs, who constitute a minority of the Tribal Council, contend Defendants violated federal securities laws "in connection with the purchase by [Cherokee Nation's] wholly owned corporation, [CNI], of 49,865,309 shares of common stock of Global Energy Group (GEG) from certain insiders of GEG." First Amended Complaint, ¶ 1. Plaintiffs contend Defendants' actions "caused CNI to grossly overpay to acquire control of GEG" and that such "'overpayment'" was consideration for nothing of value and amounted to a bold diversion of funds from the treasury of the [Cherokee] Nation." Id. at ¶ 8. Plaintiffs also invoke the Court's supplemental jurisdiction and assert pendent state law claims against Defendants

1

for fraud, breach of fiduciary duty, mismanagement of corporate assets, and waste of corporate assets.[1] Plaintiffs seek "judgment against the Defendants for all losses to the Nation" pursuant to the asserted claims for relief. Id. at ¶ 50.

This matter comes before the Court on the respective motions to dismiss filed by Smith, Majewski, and Dixon arguing, among other reasons, that Plaintiffs lack standing to assert the federal securities claim brought under the authority of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78(j)(b), and Securities and Exchange Commission ("SEC") Rule 10b-5 because Plaintiffs are neither purchasers nor sellers of the GEG shares at issue in this litigation. The Court agrees with Defendants and finds dismissal of Plaintiff's federal securities fraud claim to be appropriate.

Plaintiffs' federal securities claim is brought pursuant to the authority of Section 10(b) and Rule 10b-5. The anti-fraud provisions of both Section 10(b) and Rule 10b-5 prohibit the use of fraudulent, manipulative, or deceptive practices "in connection with the purchase or sale of any security."[2] In their motions to

---

[1] Plaintiffs invoke the Court's subject matter jurisdiction based on their assertion of a federal securities claim. 28 U.S.C. § 1331 and 15 U.S.C. § 78aa. Diversity jurisdiction pursuant to 28 U.S.C. § 1332 is not asserted as a basis for subject matter jurisdiction as Plaintiffs contend all parties are Oklahoma residents. First Amended Complaint, ¶¶ 15-24.

[2] Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), provides that it is "unlawful for any person . . . (b) [t]o use or employ, **in connection with the purchase or sale of any security** . . . any manipulative or deceptive device or contrivance . . . ." (Emphasis added).

    Rule 10b-5, 17 C.F.R. § 240.10b-5, provides that it is: "unlawful for any person, directly or

2

dismiss, Defendants argue Plaintiffs lack standing to pursue the federal securities claim because Plaintiffs, as tribal council members of the Nation, had no connection to the purchase of the GEG shares by CNI.  In <u>Blue Chip Stamps v. Manor Drug Stores</u>, 421 U.S. 723 (1975), the United States Supreme Court held that the phrase "in connection with the purchase or sale" of securities utilized under both Section 10(b) and Rule 10b-5, limits potential plaintiffs in federal securities fraud litigation to the actual purchasers or sellers of securities.  The holding of <u>Blue Chip Stamps</u> operates to preclude Plaintiffs from pursuing their federal securities fraud claim.  Neither the Plaintiffs nor the Nation were purchasers or sellers of the GEG stock.  Rather, it was CNI, with its separate corporate structure and separate board of directors, which purchased the GEG stock.  First Amended Complaint, ¶ 2.  Simply stated, Plaintiffs have absolutely no connection with the purchase of the GEG stock other than as members of the tribal council of the Nation, whose wholly owned corporation, CNI, was the purchaser of the subject stock.  Such an attenuated connection fails to satisfy the Supreme Court's pronouncement in <u>Blue Chip</u>

---

> indirectly . . .
> (a) To employ any device, scheme, or artifice to defraud;
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,
>
> **in connection with the purchase or sale of any security**." (Emphasis added).

Stamps that plaintiffs are limited to the actual purchasers or sellers of the securities.

Plaintiffs argue they have a derivative beneficial interest in the GEG stock transaction because of their obligation, as council members, to protect the Cherokee Nation's assets. Plaintiffs contend this derivative beneficial interest equates with standing. The Court disagrees. The holding of Blue Chip Stamps is clear - Plaintiffs in a federal securities fraud case are limited to the actual purchasers and sellers of securities. To the extent Plaintiffs have any beneficial interest in the stock transaction due to their status as tribal council members, such interest is insufficient to rise to the level of a purchaser or seller of securities within the meaning of Blue Chip Stamps. The Supreme Court has clearly stated that those with some other tangential interest such as shareholders, creditors, and others related to the issuer of the stock who "suffered loss in the value of their investment due to corporate or insider activities in connection with the purchase or sale of securities" are not members of the class of plaintiffs in a federal securities fraud claim. Blue Chip Stamps, 421 U.S. at 738.[3] Consequently, Plaintiffs' federal securities fraud claim should be dismissed for lack of standing.

Plaintiffs also assert pendent state law claims for fraud, breach of fiduciary duty, mismanagement of corporate assets, and

---

[3] To the extent Plaintiffs may be attempting to assert a derivative action under Rule 23.1 of the Federal Rules of Civil Procedure, the fact that Plaintiffs are not shareholders of CNI precludes them from asserting such a claim. Plaintiffs allege Smith "is the sole stockholder of Cherokee Nation Industries as trustee for the Cherokee Nation." First Amended Complaint, ¶ 22. Additionally, Plaintiffs have not attempted to comply with the other requirements for pleading a derivative action set forth under Rule 23.1.

waste of corporate assets.  The Court's decision to retain jurisdiction over state law claims is discretionary where all federal claims have been dismissed and where an independent basis for jurisdiction, such as diversity of citizenship, does not exist. 28 U.S.C. § 1367(c)(3); <u>Pitts v. Turner and Boisseau Chartered</u>, 850 F.2d 650, 653 (10th Cir), <u>cert. denied</u>, 488 U.S. 1030 (1989); <u>Curtis Ambulance v. Shawnee City Board of County Commissioners</u>, 811 F.2d 1371, 1386 (10th Cir. 1987).  While dismissal of state law claims is not automatic where all federal claims have been dismissed before trial, <u>Rosado v. Wyman</u>, 397 U.S. 397 (1970), the Court finds dismissal appropriate in this instance.  From the Court's vantage point having reviewed the allegations of the First Amended Complaint and the briefing in connection with the motions to dismiss, the genesis of this action appears to be the political infighting between a minority of legislative officials and Smith, the Nation's chief executive officer, over Smith's performance of his duties as they relate to the purchase of the GEG shares.  Such political and intra-tribal matters are best left to the adjudicatory functions of the tribal courts - an arena where the parties are currently engaged in litigation concerning Plaintiffs' ability to litigate on behalf of the Nation and a place where Plaintiffs may pursue their pendent state law claims.[4]  Plaintiffs' pendent state law claims are therefore ordered dismissed without prejudice.

---

[4] In supplemental briefing, Smith has attached a copy of an October 25, 2006, order by the District Court for the Cherokee Nation wherein the tribal court held that Plaintiffs lack the authority under the Cherokee Nation Constitution to bring the instant action on behalf of the Cherokee Nation.  Having found Plaintiffs lack standing on the only federal claim asserted herein and having dismissed without prejudice the remaining state law claims, the Court finds it unnecessary to address the issue of whether this federal court must enforce the tribal court's judgment.

Based on the foregoing reasons, the motions to dismiss filed by Smith, Majewski, and Dixon are granted. Plaintiffs' federal securities fraud claim under Section 10(b) and Rule 10b-5 is dismissed as Plaintiffs lack standing to pursue such claim. Plaintiffs' pendent state law claims for fraud, breach of fiduciary duty, mismanagement of corporate assets, and waste of corporate assets are dismissed without prejudice.

It is so ordered this 13th day of November, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma